IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD HANSON, KATHY HANSON, *and others similarly situated*,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>PALEHUA COMMUNITY ASSOCIATION, *a Hawaii Pseudo Homeowner Association*, GARY WB CHANG, JOHN DOE 1-10, JANE DOE 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, DOE GOVERNMENTAL UNITS 1-10<br>　　　　　　Defendants.<br>_____ | CV. NO. 12-00616 JMS-RLP<br><br>ORDER DENYING MOTION FOR RECUSAL |

## ORDER DENYING MOTION FOR RECUSAL

　　　On February 25, 2013, Plaintiffs Ronald Hanson and Kathy Hanson, proceeding pro se, filed a motion to recuse Judge J. Michael Seabright, the district judge assigned to the case, as well as any other judges who are members of the American Judicature Society who might be reassigned the case.  The motion has been referred to the undersigned judge for disposition.

　　　It is clear from the filings that no hearing is necessary.  The Court, after reviewing the pleadings and filings herein DENIES the motion for recusal.  Plaintiffs' allegations are without merit.

**PROCEDURAL HISTORY AND BACKGROUND**

On November 19, 2012, the Hansons, proceeding pro se, filed a Complaint. The Complaint makes a variety of confusing allegations against Defendants "Palehua Community Association a Hawaii Pseudo Homeowner Assn; Its managing agent(s) Associa, inc. [sic], a Texas corporation (AKA – Certified Hawaii, Certified Management, inc. [sic], Equity Properties, & Hawaii First, inc [sic]; Gary WB Chang; Craig Nakamura; The American Judicature Society: dba Hawaii Chapter of AJS; [and] Finance Factors, LTD & aliases, Hawaii Corporation(s) and others similarly situated" (collectively "Defendants"). (Compl. 1, ECF No. 1)

The Complaint appeared to challenge the legitimacy of the Palehua Community Association, which is a homeowners association for a subdivision in the Kapolei area of the Island of Oahu. The two State Judges, named as Defendants, appear to be connected to litigation in the state court system involving the Palehua Community Association and the Plaintiffs. The American Judicature Society ("AJS") was named as a Defendant but it is not possible to discern their role in the controversy. The State Judges and the Hawaii Chapter of the AJS are alleged to have a conflict of interest "in any legal matter due to their personal and professional relationships with the AJS and Palehua Community Association Development directly and indirectly by Defendant Finance Factors as collaborators for the development of the

monopoly enterprise in violation of both State and Federal law with deception to the United States Department of Treasury IRS" (Compl. at 118., ECF No. 1.)  There is no further specificity.

On November 19, 2012, Plaintiffs filed a Motion for a Temporary Restraining Order against the two State Court Judges requesting that they be temporarily enjoined from enforcing the "void Orders/judgements." (TRO Motion. 21, ECF No. 3.)

On November 20, 2012, Judge Seabright entered an Order Denying Plaintiffs' Motion For Temporary Restraining Order. In the Order Judge Seabright pointed out that nowhere in the Complaint does it put forward how an organization such as the AJS, that exists to facilitate professional relationships, leads to a plausible cause of action against the AJS.  (Order, ECF No. 16.)

On November 23, 2012, Plaintiffs filed an Amended Complaint. The Amended Complaint names only two of the previous Defendants and various Doe Defendants.  The present Defendants are the Palehua Community Association, again referred to as a "Hawaii Pseudo Homeowners Association" and State Court Judge Gary W.B. Chang. (Amended Complaint, ECF No. 18.)

On December 27, 2012, Defendant Judge Gary W.B. Chang filed a Motion to Dismiss the Amended complaint with Prejudice. (Motion to Dismiss, ECF No. 20.)

On January 14, 2013, The Palehua Community Association file

a Motion to Dismiss the "Class Action Complaint for Declaratory and Injunctive Relief for Damages." (Motion to Dismiss, ECF No. 24.)

On January 16, 2013, Plaintiffs filed a Motion for Entry of Default and a Request for Default Judgement.  (Motion and Request for Default, ECF Nos. 28, 29.)

On January 18, 2013, Judge Seabright entered an Order Denying (1) Request for Entry of Default And (2) Motion for Default Judgement.  (Order, ECF No. 34.)

On February 25, 2013, Plaintiffs filed "Plaintiffs Notice of Motion and Motion to Recuse & Declaration in Support The Honorable John Michael Seabright and Other Judges or Magistrates [sic] Judges affiliated with The American Judicature Society &/or Hawaii Chapter of The AJS."  The document contains a section entitled "Declaration for Recusal" which is signed under penalty of perjury by both Plaintiffs.  (Motion to Recuse, ECF No. 37.)

On February 26, 2013, Judge Seabright filed a Notice To Chief Judge Susan Mollway Of Plaintiffs Ronald And Kathy Hanson's Motion To Recuse. In the Notice Judge Seabright pointed out that though the Motion invoked 28 U.S.C. § 455, the Declaration accused the Court of bias and prejudice, and is signed under penalty of perjury.  He concluded that the matter also falls under 28 U.S.C. § 144, requiring the matter be brought to the attention of the Chief Judge to allow for assignment to another

judge for decision.  (Notice, ECF No. 43.)

In the Notice to Chief Judge Mollway, Judge Seabright acknowledged that he is a member of the American Judicature Society but, in an abundance of caution, he has not participated in any AJS activity since the filing of this lawsuit. He also corrected the Plaintiffs' statement that he had been a partner in the law firm of Carlsmith Ball LLP, clarifying that he had been an associate with the firm in 1984 and 1985.

On March 7, 2013, the Motion for Recusal was referred to the undersigned, District Judge Helen Gillmor, for decision. (Referral, ECF No. 46.)  The undersigned is not a member of the American Judicature Society.

**STANDARD OF REVIEW**

28 U.S.C. § 144 provides for recusal of a judge where a personal bias or prejudice exists against a party or in favor of an adverse party. Section 144 "requires that the bias or prejudice of a judge be twofold: (1) personal, i.e. directed against the party and (2) extrajudicial." <u>United States v. Carignan</u>, 600 F.2d 762, 763 (9th Cir. 1979).  Section 144 requires an affiant state the facts and reasons for the belief that the prejudice exists.  "The facts averred must be sufficiently definite and particular to convince a reasonable person that the bias exists; simple conclusions, opinions, or

rumors are insufficient." United States v. Sykes, 7 F.3d 1331, 2339 (7th Cir. 1993).

28 U.S.C. § 455 requires recusal where a judge's impartiality might reasonably be questioned or where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(a) & (b)(1).  Recusal is also required where the judge knows he has a fiduciary interest in the subject matter in controversy or in a party to the proceedings, or any other interest that could substantially affect the outcome of the proceedings. 28 U.S.C. § 455(b)(4).  A motion for recusal is committed to the sound discretion of the district Court. United States v. Bell, 79 F.Supp.2d 1169, 1171 (E.D. Cal. 1999). The moving party bears a "substantial burden" to show that the judge is not impartial. Id.

## ANALYSIS

Plaintiffs filed a Motion for Recusal alleging Judge Seabright, and any other Hawaii District Court judges who are members of the American Judicature Society, are disqualified by reason of their membership in the organization. Plaintiffs named the AJS as a Defendant in the original Complaint.  Subsequent to the denial of Plaintiffs' Motion for Temporary Restraining Order, the Plaintiffs filed an Amended Complaint which does not name the AJS.

6

The Amended Complaint, however, does mention the AJS in Paragraph 11: "These aforementioned acts would not have been possible, had it not been for the conspiring actions of the members of the Hawaii Chapter of AJS whose membership includes business merchants, officers of the court and directors & officers of companies (Finance Factors and others), and members of the State and Federal Government." There is no more specificity as to what the members of the AJS are alleged to have done other than passing references in the 39 page Amended Complaint that a particular attorney or judge is a member or officer of AJS. The Amended Complaint alleges Defendants and others have committed various illegal and tortuous acts including racketeering, extortion, illegal debt collection, money laundering, and civil rights violations. (Amended Complaint, ECF No. 18.)

**ALLEGATIONS OF RECUSAL MOTION**

Plaintiffs' Motion mixes allegations that concern the substance of the case before the District Court in among the allegations as to why Judge Seabright, and any other judge who is a member of the AJS, should be recused. In order to decide if there is the existence of bias it is not necessary that the Court attempt to decipher the extraneous allegations. The rambling general nature of the allegations fail to provide a connection to

the charges of bias.

The allegations that concern recusal are as follows:

(1.) Plaintiffs state Judge Seabright was a former partner at Carlsmith Ball LLP whose partners and associates are members, directors, and officers of AJS who are "Working hand-in-hand with Finance Factors officers and Board member investors and attorney representatives thereby having a conflict of interest and fiduciary duty to his coworker of the Hawaii Chapter of AJS and his law partners." (Motion ¶ 6, ECF No. 44)

(Judge Seabright was never a partner, but was an associate of the Carlsmith law firm, 18 years ago in 1984 and 1985.)

(2.) Plaintiffs state as fact that Judge Seabright is a member of the Hawaii AJS and close friend of Defendant State Judge Gary W. B. Chang. (Motion ¶ 9. Id.)

(3.) According to Plaintiffs, Judge Seabright "knowing the facts of the TRO to be truthful with first-hand knowledge of the facts from his work with the Hawaii AJS and Finance Factors et al DENIED the TRO out of anger and spite." (Motion ¶ 11. Id.)

(4.) Plaintiffs state Judge Seabright's Order Denying Entry of Default "interferes and engages in Administrative clerical duties and denies the request for entry of default and motion for default. Judge Seabright rambles on in his order claiming an answer was filed (regardless of being untimely) and that Default was a 2part [sic] process." (Motion ¶ 24. Id.)

The nature of Plaintiffs' four allegations fall into two categories.  In (1.) and (2.) the Plaintiffs allege impropriety in the conduct of The American Judicature Society. There are sweeping allegations of some unarticulated conspiratorial connection to the State litigation concerning the Palehua Community Association. Judge Seabright is alleged to be biased because he is connected to the Defendant Judge Chang by membership in the AJS and the allegation that he is a close friend.

When a party files a motion for disqualification and supporting affidavit under 28 U.S.C. 144, all factual allegations contained in the affidavit must be accepted as true.  This is true even if the presiding judge knows the allegations to be false or contrary to what is in the record or can be proven false by other means.  Recusal, however, must be based on facts contained in the affidavit and not on movant's conjecture, speculation, or conclusory statements or opinions. <u>United States v. Vespe</u>, 868 F.2d 1328, (3d Cir. 1989).

Movant's allegations about the AJS, the relationship of its members, Judge Seabright, and friendship with Defendant State Judge Chang, are all without any factual support.

The bare allegations of a far reaching conspiracy growing out of mere membership in a voluntary bar association such as the American Judicature Society is not sufficient to create the appearance of bias. The Advisory Opinions of the Code of Conduct

for the United States Judges support such membership as being in the best interest of the legal system. In agreeing with the appropriateness of membership, the Opinion states: "A judge is in unique position to contribute to the improvement of the law..." (Quoting Advisory Opinion No. 34 on Canon 4.)

The facts alleged by Plaintiffs, when accepted as true and stripped of opinion, conjecture, and innuendo do not give "fair support to the charge of a bent of mind that may prevent or impede impartiality of judgement [on the part of the presiding judge]. Cooney v. Booth,Jr.,MD. 262 F.Supp.2d 494, 502 (2003) as quoted from Berger v. United States, 255 U.S. 22, 33-34 (1921).

Plaintiffs' allegations (3.) and (4.) are in fact complaints about judicial rulings made by Judge Seabright in the case in which Plaintiffs have filed the Motion for Recusal.  Plaintiffs' objection (3.) is to the denial of a Temporary Restraining Order against enforcement of the rulings of State Court Judges in proceedings in State Court.

Objection (4.) complains that Judge Seabright did not allow entry of default against the Defendants who had filed Motions to Dismiss rather than Answers to the Amended Complaint.

The United States Supreme Court has made clear judicial rulings alone almost never constitute a valid basis for a bias or a partiality motion. See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  In reaffirming this doctrine in Liteky v. United

States 510 U.S. 540 at 554-56 (1994) the Supreme Court stated that a judge's judicial rulings:

> In and of themselves . . . They cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.

The Plaintiffs have failed to show that a reasonable person, knowing all of the circumstances, would have doubts about the impartiality of Judge Seabright in this case.

**CONCLUSION**

Plaintiffs' Motion to Recuse Judge Seabright is **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2013.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

_____
RONALD HANSON, KATHY HANSON, and others similarly situation v. PALEHUA COMMUNITY ASSOCIATION, a Hawaii Pseudo Homeowner Association; GARY WB CHANG, JOHN DOE 1-10, JANE DOE 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, DOE GOVERNMENTAL UNITS 1-10, Civ. No. 12-cv-00616 JMS-RLP, **ORDER DENYING MOTION FOR RECUSAL**