IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD HANSON, KATHY HANSON, and others similarly situated, | ) CIVIL NO. 12-00616 JMS-RLP<br>)<br>) ORDER DENYING PLAINTIFFS'<br>) MOTION TO STRIKE AND |
| Plaintiffs, | ) GRANTING DEFENDANTS'<br>) MOTIONS TO DISMISS |
| vs. | )<br>) |
| PALEHUA COMMUNITY ASSOCIATION, ET AL., | )<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |

### ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

### I. INTRODUCTION

Plaintiffs Ronald and Kathy Hanson ("Plaintiffs"), proceeding *pro se*, brought this action against Defendants Palehua Community Association ("PCA") and State Circuit Judge Gary W.B. Chang ("Judge Chang"). Before the court are three Motions: First, Judge Chang moves to dismiss all claims against him, asserting a lack of jurisdiction and absolute immunity. Doc. No. 20. Second, PCA moves to dismiss, also asserting a lack of jurisdiction and raising a collateral estoppel/res judicata bar. Doc. No. 24. Third, Plaintiffs move to strike PCA's Motion to Dismiss, arguing that it was filed late. Doc. No. 38. Based on the

following, the court DENIES Plaintiffs' Motion to Strike, and GRANTS the Motions to Dismiss.

## II. BACKGROUND

### A. Factual Background

Plaintiffs' thirty-nine page Amended Class Action Complaint,[1] filed on November 23, 2012, makes a variety of confusing allegations against Defendants "Palehua Community Association a Hawaii Pseudo Homeowner Assn; and The Honorable Gary [W.B.] Chang," as well as unidentified Doe Defendants. Doc. No. 18, Am. Compl. at 1. It alleges federal jurisdiction under 28 U.S.C. § 1331 for violations of federal law -- alleged civil rights violations under 42 U.S.C. §§ 1983 and 1985 -- although the Amended Complaint also mentions criminal statutes, 18 U.S.C. §§ 3 & 1513; RICO violation, 18 U.S.C. § 1964; and federal antitrust statutes, 15 U.S.C. §§ 19 & 45. Doc. No. 18 at 2, ¶¶ 16, 19.[2]

As best the court can glean from the Amended Complaint, Plaintiffs

---

[1] Although the Amended Complaint purports to be a class action on behalf of Plaintiffs "and others similarly situated," the class allegations have no effect -- no class has been certified, and "a pro se plaintiff cannot represent a class in a class action." *Rudgayzer v. Yahoo! Inc.*, 2012 WL 5471149, at *4 (N.D. Cal. Nov. 9, 2012) (citing numerous cases for the proposition that Federal Rule of Civil Procedure 23 does not permit a pro se plaintiff to bring a class action).

[2] Plaintiffs filed a similar Complaint on November 19, 2012, along with a Motion for Temporary Restraining Order ("TRO"). *See* Doc. No. 1, Complaint; Doc. No. 3, Mot. for TRO. After the court denied the Motion for TRO, Plaintiffs filed the Amended Complaint on November 23, 2012. Doc. No. 18.

are challenging (1) the legitimacy of the PCA, which is a homeowners association for a subdivision in the Kapolei area of Oahu; and (2) several adverse Orders and a final Judgment issued in Hawaii state court by Judge Chang in litigation brought by PCA against Plaintiffs, including counterclaims by Plaintiffs against PCA. In particular, the Amended Complaint describes proceedings in state court litigation (the "*Palehua* state court action") related to enforcement of covenants of the PCA. *Id.* ¶¶ 70, 88, 101, 106; *see Palehua Cmty. Ass'n v. Hanson*, Civ. No. 09-1-1935-08 (GWBC) (Haw. Cir. Ct.) (available at http://hoohiki2.courts.state.hi.us/jud/Hookiki/main.htm) (last visited April 22, 2013)). Additionally, Defendants have provided for the record various orders and a judgment issued in the *Palehua* state court action. *See* Doc. No. 24-2, Kozak Decl. & Exs. 4 to 11.

Plaintiffs allege that the state court rulings were entered without authority. Doc. No. 18, Am. Compl. ¶¶ 111-13. They allege that they "have been subjected [to] court proceeding[s] with judges lacking jurisdiction, having a conflict of interest, and repeated acts of denial of due process by excess of jurisdiction." *Id.* ¶ 13. They also allege that the PCA "has no standing or legal authority to administer or enforce the [covenants] of a 'dead entity' legally [a]dministratively dissolved November 15, 1991 by the State of Hawaii or to file or seek relief in any court of law." *Id.* ¶ 108.

Among other relief, the Amended Complaint seeks (1) a judgment declaring that the orders and judgments of Judge Chang in the *Palehua* state court action "are null and void due to a lack of jurisdiction," *id.* at 37 ¶ 1; (2) a judgment declaring the PCA "is legally administratively dissolved and has no standing in a court of law," *id.* ¶ 3; (3) a judgment "declaring a Federal Trustee be appointed to facilitate the 'wind up' procedures of the [PCA]," *id.* ¶ 4; (4) a judgment "declaring that the acts perpetuated by the Defendants were unlawful, unconstitutional, and retaliatory against the Plaintiff's Hanson's [sic] and the class they seek to represent," *id.* ¶ 8; and (5) an award of "costs and expenses including attorney pro se fees and other attorney fees under 42 U.S.C. § 1988, 28 U.S.C. § 2412 and other provision of law or in lieu thereof an amount equal to the amounts awarded by [Judge Chang] to the [PCA] plaintiff and counterclaim on or about October 2012 as just compensation for legal expenses to defend the State action since the summer 2006." *Id.* ¶ 13.

## B.     Procedural Background

This action was filed on November 19, 2012, with the Amended Complaint against PCA and Judge Chang filed on November 23, 2012. Doc. No. 18. Judge Chang filed his Motion to Dismiss on December 27, 2012, Doc. No. 20,

and PCA filed its Motion to Dismiss on January 14, 2013.  Doc. No. 24.[3]  On February 25, 2013, Plaintiffs filed their Motion to Strike PCA's Motion to Dismiss, Doc. No. 38, and filed Oppositions to the two Motions to Dismiss.  Doc. Nos. 39, 40.  PCA filed a Reply on March 4, 2013.  Doc. No. 45.

Meanwhile, also on February 25, 2013, Plaintiffs filed a Motion to Recuse this court from this action, Doc. No. 37, which was referred to another District Judge for disposition as required under 28 U.S.C. § 144.  Proceedings on these Motions were stayed pending resolution of the Motion to Recuse.  On March 20, 2013, Judge Helen Gillmor denied the Motion to Recuse, finding that no reasonable person, knowing all the circumstances underlying the Motion to Recuse, would have doubts as to this court's impartiality in this case.  Doc. No. 47, Order Denying Mot. for Recusal.[4]  Accordingly, the stay of proceedings was lifted, and PCA filed an Opposition to the Motion to Strike on April 4, 2013.  Doc. No. 49.  Plaintiffs filed a corresponding Reply on April 11, 2013.  Doc. No. 50.  The court decides the Motions without an oral hearing under Local Rule 7.2(d).

---

[3] On January 17, 2013, three days *after* PCA filed its Motion to Dismiss, Plaintiff sought entry of default and filed a Motion for Default Judgment.  Doc. Nos. 28, 29.  The court denied the request for entry of default and the Motion for Default Judgment on January 18, 2013.  Doc. No. 34.

[4] One of Plaintiffs' allegations in their Motion to Recuse is that the undersigned is a "close friend" of Judge Gary Chang.  Doc. No. 37, Mot. to Recuse at 4.  To be clear, the undersigned is not a "close friend" of Judge Chang.

### III.  DISCUSSION

**A.    Judge Chang's Motion to Dismiss**

Judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions.  *See, e.g.*, *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (holding that judges are absolutely immune from civil liability for damages for their judicial acts).  The doctrine of absolute judicial immunity is based on the policy that "judges should be at liberty to exercise their functions with independence and without fear of consequences."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (applying judicial immunity to an action under 42 U.S.C. § 1983 action).  *Forester v. White*, 484 U.S. 219 (1988), explains the reasoning for this policy:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous, but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.  The resulting timidity would be hard to detect or control and would manifestly detract them from independent and impartial adjudication.

*Id.* at 226-27.

Moreover, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *superceded by statute on other grounds as recognized in Tia v. Mollway*, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)).

That is, even if judges act incorrectly or with improper motive, they are immune from suit for acts performed pursuant to their official functions. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Sparkman*, 435 U.S. at 355-56 (citation omitted); *Pierson*, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.").

Applying these principles, the Amended Complaint fails to state a claim against Judge Chang. He is absolutely immune. Reading Plaintiffs'

Amended Complaint broadly, all its allegations against Judge Chang arise out of rulings he made in his judicial capacity in the *Palehua* state court action. Thus, although the Amended Complaint alleges that Judge Chang acted as part of a "conspiracy," and without authority or jurisdiction, it still fails to state a claim. *See, e.g.*, *Sparkman*, 435 U.S. at 355-56 ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction[.]").[5]

---

[5] *Sparkman* clarified that a judge can be subject to liability for acting in the "clear absence of all jurisdiction," and distinguished that standard from acting "in excess of jurisdiction" -- where, as here, immunity applies. *See Sparkman*, 435 U.S. at 357 & n.7. It explained:

> In [*Bradley v. Fisher*, 13 Wall. 335, 351, 20 L. Ed. 646 (1872),] the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.* (citing *Bradley*, 13 Wall. at 352). *Sparkman* reasoned that immunity applied because "the court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions." *Id.* at 359-60.

    Here, Judge Chang, presiding over a court of general jurisdiction, made rulings regarding a condominium property regime, contractual obligations, Hawaii tort law, and various Hawaii court rules or practices. Plaintiffs' arguments regarding a lack of "jurisdiction" or "authority" are directed at Judge Chang's rejection of their argument that the PCA was dissolved. *See, e.g.*, Doc. No. 18, Am. Compl. ¶¶ 108-111, 117. Even under a broad reading of the Amended Complaint, Judge Chang was not acting in the "clear absence of all jurisdiction," and is thus entitled to absolute immunity.

Moreover, to the extent the Amended Complaint seeks damages from the State of Hawaii for actions of Judge Chang in his official capacity, the action is also barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [and] is no different from a suit against the State itself.") (citations omitted); *Papasan v. Allain*, 478 U.S. 265, 278 (1986) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred [by the Eleventh Amendment] even when the state official is the named defendant.").[6]

In short, the claims against Judge Chang are DISMISSED with prejudice.

**B.     Plaintiffs' Motion to Strike**

Before addressing PCA's Motion to Dismiss, the court must first address Plaintiffs' Motion to Strike. Plaintiffs contend that the court should strike PCA's Motion to Dismiss because (they claim) it was filed late -- more than twenty one days after service of the Amended Complaint, allegedly in violation of Federal

---

[6] Although not clear, to the extent Plaintiffs name Judge Chang as a Defendant for purposes of prospective injunctive relief under *Ex Parte Young*, such claims are barred under the *Rooker/Feldman* Doctrine (as argued in his Motion) and by res judicata/collateral estoppel principles, as the court analyzes below when addressing PCA's Motion to Dismiss.

Rule of Civil Procedure 12(a)(1)(A)(i) (requiring an answer or responsive pleading "within 21 days after being served with the summons and complaint"). Rather, Plaintiffs again argue that default should have entered against PCA on January 17, 2013, and that therefore the court should not consider PCA's Motion to Dismiss. The court rejects these arguments, and DENIES the Motion to Strike.

As noted above, in the court's January 18, 2013 Order Denying (1) Request for Entry of Default and (2) Motion for Default Judgment, Doc. No. 34, the court has already determined that default should not have entered on January 17, 2013. The record reflects that on January 3, 2013, a summons and proof of service was filed with the Clerk of Court, indicating that the summons and Amended Complaint were personally served on PCA on "12/22/12." *See* Doc. No. 22 (Summons and Proof of Service signed by a process server). Based on the date indicated in that proof of service, an answer or responsive pleading was due on January 14, 2013, and that date was duly noted on the court's docket by the Clerk of Court.[7]  *See id.* (entry reading "SUMMONS Returned Executed Palehua Community Association served on 12/22/2012, answer due 1/14/2013").

---

[7] The twenty-one day period provided in Rule 12(a)(1)(A)(i) started on Sunday, December 23, 2012 and ran until Sunday, January 13, 2013. *See* Fed. R. Civ. P. 6(a)(1)(A) (instructing to "exclude the day of the event that triggers the period"). Because January 13, 2013 was a Sunday, an answer or responsive pleading was due on January 14, 2013. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Accordingly, PCA filed its Motion to Dismiss on January 14, 2013. Doc. No. 24.

The next day (January 15, 2013), however, an *amended* summons and proof of service was filed -- and that amended proof of service, also dated January 15, 2013, indicates the summons and Amended Complaint were served on "12/20/12." If December 20, 2012 was the actual service date for the Amended Complaint, then a responsive pleading would have been due on January 10, 2013 (and that date was also reflected then on the docket by the Clerk of Court. Doc. No. 27). Based on this amended proof of service -- again, filed *after* PCA filed its Motion to Dismiss -- Plaintiffs contend the Motion to Dismiss was filed late and should be struck.

Initially, even considering Plaintiffs' arguments, the court properly refused to allow the Clerk of Court to enter default against PCA on January 17, 2013. Federal Rule of Civil Procedure 55(a) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (Emphasis added). Thus, when Plaintiffs sought the entry of default on January 17, 2013, PCA was already "defending" based on the pending Motion to Dismiss filed three days earlier (even assuming it had been filed late). *See, e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d

685, 689 (9th Cir. 1988); *Ashby v. McKenna*, 331 F.3d 1148, 1151-52 (10th Cir. 2003) (reasoning that no default may be entered while motion to dismiss is pending). And because default had not been entered, the court properly denied Plaintiffs' corresponding Motion for Default Judgment. *See, e.g.*, *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining the two-step process requiring a proper entry of default before a court can grant default judgment).

More importantly, even if the Amended Complaint was actually personally served on PCA on December 20, 2012, the court will not strike the Motion to Dismiss. "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* (citation omitted). Under these circumstances -- where the amended proof of service was filed *after* PCA filed it Motion to Dismiss -- there is no basis to strike the Motion. PCA could rely on the court's docket, reflecting a due date of January 14, 2013 for its responsive pleading.

Further, the record also reflects that, on December 20, 2012, counsel for PCA executed a *waiver* of service of summons and transmitted the waiver to

Plaintiffs by email and letter. *See* Doc. No. 49-4, Kozak Decl. at 7, 10-12. Because a waiver of service of summons was timely executed by PCA's counsel, the period within which to answer or otherwise respond was extended until sixty days after December 20, 2012 (*i.e.*, February 19, 2013). *See* Fed. R. Civ. P. 12(a)(1)(A)(ii) ("A defendant must serve an answer . . . (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent."). Given the waiver of service, the Motion to Dismiss was not late in any event.

In short, the court DENIES the Motion to Strike, and proceeds to address PCA's Motion to Dismiss.

**C.     PCA's Motion to Dismiss**

PCA seeks dismissal with prejudice arguing that the relief sought in the Amended Complaint constitutes a de facto appeal of Judge Chang's orders and the final judgment in the *Palehua* state court action, and such relief -- seeking to vacate state court judgments or orders -- is barred by the *Rooker-Feldman* doctrine.[8] And if any claims are not barred by *Rooker-Feldman*, PCA also asserts a res judicata/collateral estoppel bar. The court addresses each argument in turn.

---

[8] The doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

### 1. *Rooker-Feldman*

Under *Rooker-Feldman*, federal district courts are precluded from reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003), explains the doctrine as follows:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Id.* at 1164. "To determine whether the *Rooker-Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Noel*, 341 F.3d at 1158). *Bell* reiterated that "[a] de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* (quoting *Noel*, 341 F.3d at 1164).

14

Here, *Rooker-Feldman* clearly bars most of Plaintiffs' claims. The relief sought in the Amended Complaint is based upon allegations that the state court was wrong. Plaintiffs did not appeal the final judgment issued in the *Palehua* state court action,[9] and instead filed this action seeking a federal court judgment declaring that the orders and judgments of Judge Chang in the *Palehua* state court action "are null and void due to a lack of jurisdiction." Doc. No. 18, Am. Compl. at 37 ¶ 1. Plaintiffs contend the state court rulings were entered without authority. *Id.* ¶¶ 111-13. They allege that they "have been subjected [to] court proceeding[s] with judges lacking jurisdiction, having a conflict of interest, and repeated acts of denial of due process by excess of jurisdiction." *Id.* ¶ 13. Thus, because this action constitutes a de facto appeal of the *Palehua* state court action, it is barred by the *Rooker-Feldman* doctrine.[10] *See Noel*, 341 F.3d at 1164.

---

[9] Plaintiffs filed an interlocutory appeal of certain state court Orders, but that appeal was dismissed by the Hawaii Intermediate Court of Appeals for lack of appellate jurisdiction. *See Palehua Cmty. Ass'n v. Hanson*, 2011 WL 213600, at *2 (Haw. App. Jan. 12, 2011).

[10] To the extent Plaintiffs are specifically asking for a federal court order staying enforcement of state court orders, such relief is also barred by 28 U.S.C. § 2283, "which precludes a federal court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress . . .' [and] 'extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments.'" *Hicks v. Wells Fargo Bank, N.A.*, 2012 WL 346660, at *2 (D. Haw. Feb. 2, 2012) (denying motion for emergency injunctive relief seeking to prevent enforcement action based upon an allegedly void state court judgment); *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (denying motion for TRO seeking to enjoin state court detainer action, relying on 28 U.S.C. § 2283); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) (similar).

### 2. Res Judicata/Collateral Estoppel (Claim and Issue Preclusion)

*Rooker-Feldman*, however, does not bar an "allegedly illegal act or omission by an adverse party." *Id.* The Amended Complaint, besides attempting to vacate and enjoin orders and the judgment in the *Palehua* state court action, also appears to seek relief that could be construed to be based on "illegal acts" of "an adverse party" -- that is, the acts of PCA. It alleges, for example, that PCA "has no standing or legal authority to administer or enforce" condominium association covenants," Doc. No. 18, Am. Compl. ¶ 108, and seeks (among other relief) "a Federal Trustee [to] be appointed to facilitate the 'wind up' procedures of the [PCA]." *Id.* at 37 ¶ 4. Nevertheless, even if *Rooker-Feldman* does not bar such claims, they are barred by well-accepted doctrines of res judicata and/or collateral estoppel (or "claim preclusion" and "issue preclusion").

As noted in *Bumatay v. Finance Factors, Ltd.*, 2010 WL 3724231 (D. Haw. Sept. 16, 2010),

> Hawaii law now prefers the modern terms "claim preclusion" and "issue preclusion" instead of "res judicata" and "collateral estoppel." *See Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004). Hawaii cases sometimes merge the terms "res judicata" and "collateral estoppel." *See, e.g.*, *Bush v. Watson*, 81 Haw. 474, 480, 918 P.2d 1130, 1136 (1996) ("Collateral estoppel is an aspect of res judicata. . . . [C]ollateral estoppel [is] an included doctrine [of res judicata].") (quoting *Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 423, 539 P.2d 472, 475

16

> (1975)); *In re Dowsett Trust*, 7 Haw. App. 640, 644, 791 P.2d 398, 401 (1990) ("[R]es judicata comprises two separate doctrines or rules concerning the preclusive effect of prior adjudication. Those doctrines or rules are denominated 'res judicata' and 'collateral estoppel.'"). They both include a common three-pronged test. *Bush*, 81 Haw. at 480, 918 P.2d at 1136. Generally, the doctrines prevent parties from relitigating claims or issues that have already been decided by a competent tribunal. *See, e.g.*, *Santos v. State of Hawaii*, 64 Haw. 648, 651-52, 646 P.2d 962, 965 (1982).

2010 WL 3724231, at *4 n.3. "[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Id.* at *4 (citations and editorial marks omitted). And "[i]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a *different* cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation and internal marks omitted).

Here, claims against PCA (*e.g.*, that it has no "standing" or authority to enforce covenants) were either actually litigated in the *Palehua* state court action, or could have been litigated in that action. There is a final state court judgment, and the parties (Plaintiffs and PCA) are the same in both actions. *See id.* (setting forth elements of claim preclusion under Hawaii law -- (1) a final

17

judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the same claims were decided or could have been raised in the original suit) (citing *Bremer*, 104 Haw. at 54, 85 P.3d at 161). Thus, Plaintiffs' claims against PCA are plainly barred by the doctrines of claim and issue preclusion under Hawaii law.

In sum, the Amended Complaint is barred by the *Rooker-Feldman* doctrine and by principles of prior adjudication under Hawaii law. Accordingly, the court GRANTS PCA's Motion to Dismiss with prejudice.

## IV.  CONCLUSION

The court GRANTS Defendant Judge Gary W.B. Chang's Motion to Dismiss. Doc. No. 20. Claims against Judge Chang are DISMISSED with prejudice. The court DENIES Plaintiffs' Motion to Strike Defendant Palehua Community Association's Motion to Dismiss, Doc. No. 38, and GRANTS PCA's Motion to Dismiss. Doc. No. 24. Claims against PCA are DISMISSED with

///

///

///

///

///

prejudice.  There being no other claims or parties, Judgment shall issue against Plaintiffs and in favor of Defendants.  The Clerk of Court shall close the case file.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, April 23, 2013.



                           /s/ J. Michael Seabright
                           _____
                           J. Michael Seabright
                           United States District Judge

*Hanson v. Palehua Cmty. Ass'n*, Civ. No. 12-00616 JMS-RLP, Order Denying Plaintiffs' Motion to Strike and Granting Defendants' Motions to Dismiss